UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MCDONALD'S USA, LLC<br>2915 Jorie Boulevard<br>Oak Brook, Illinois  60523<br><br>    Plaintiff,<br><br>v.<br><br>RED MILL SHOPPING CENTER<br>ASSOCIATES, L.P.,<br>5307 North Charles Street<br>Baltimore, MD 21210-2022<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff MCDONALD'S USA, LLC ("McDonald's"), by and through undersigned counsel, Bonner Kiernan Trebach & Crociata, LLP, brings this action against Defendant RED MILL SHOPPING CENTER ASSOCIATES, L.P. ("Red Mill"), for Declaratory Judgment, Breach of Contract and Injunctive Relief, and states as follows:

**INTRODUCTION AND JURISDICTION**

1. This is an action for Breach of Contract, Injunctive Relief and Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., to declare the rights and obligations of the parties under a certain lease for real property.

2. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff is diverse from the Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest, fees and costs.

3. McDonald's leases retail space in a shopping center owned by Red Mill and known as the Red Mill Shopping Center in Derwood, Maryland ("Shopping Center").

4. The operative McDonald's Lease includes a restrictive covenant that bars Red Mill from leasing space to restaurants with menu items substantially similar to those of McDonald's, within 2000 feet of the McDonald's restaurant at the Shopping Center.

5. Red Mill has advised McDonald's that it has entered into a lease (the "Dunkin Donuts Lease") for the operation of a Dunkin Donuts in conjunction with a Baskin Robbins (collectively "Dunkin Donuts") in violation of the restrictive covenant in the McDonald's Lease.[1]

6. McDonald's seeks to enforce its rights under the McDonald's Lease because it will suffer injury to its business if Red Mill proceeds with the proposed Dunkin Donuts lease.

7. The amount in controversy exceeds $75,000.00 because the injury to McDonald's sales and revenues would exceed $75,000.00 if Red Mill proceeds with the proposed Dunkin Donuts Lease.

8. McDonald's USA, LLC is a Delaware-registered limited liability company. Its sole member is McDonald's Corporation, a Delaware corporation with its principal place of business located in Oak Brook, Illinois. Therefore, for the purposes of jurisdiction, Plaintiff McDonald's is a citizen of Illinois and Delaware.

9. Red Mill is a limited partnership registered in the state of Maryland. Upon information and belief, Red Mill's partners are all citizens of the state of Maryland and, in any event, none of Red Mill's partners is a citizen of Illinois or Delaware. There is complete diversity of citizenship between McDonald's and Red Mill.

---

[1] McDonald's is presently unaware of the identity of the person(s) or entity that has or will enter in to the Dunkin Donuts Lease with Red Mill.

2

10.     Venue is proper in this Court, because the shopping center involved is located in Montgomery County, Maryland.

## GENERAL ALLEGATIONS

11.     McDonald's leases space in the Red Mill Shopping Center pursuant to a lease which was initially entered into on or about September 11, 1985, between Red Mill and Fontana Enterprises, Inc. for the operation of a Hardee's Restaurant. A true and correct copy of the original lease is attached hereto as Exhibit A.

12.     The original lease included a restrictive covenant that provided:

> Provided Tenant is operating a Hardee's restaurant on the Demised Premises and Tenant is not in default under this Lease beyond any applicable cure period, Landlord shall not, during the term hereof, or any extension of said term, sell, lease, rent or permit the use of any part of its property within two thousand feet (2000') of the Demised Premises in any direction to the following business entities: McDonald's, Wendy's, Burger King, Rax and Roy Rogers (the "Exclusive Covenant").

13.     Thereafter, on or about April 28, 1989, MRO Mid-Atlantic Corp., was assigned or otherwise assumed the rights of Fontana Enterprises, Inc. under the Lease to operate a Roy Rogers restaurant. A true and correct copy of the April 28, 1989 Amendment to Lease and Consents Relating to Assignment of Lease ("1989 Amendment") is attached hereto as Exhibit B.

14.     The 1989 Amendment to Lease amended the restrictive covenant quoted above as follows:

> Provided Tenant is operating a restaurant on the Demised Premises and Tenant is not in default under this Lease beyond any applicable cure period, Landlord shall not, during the term hereof, or any extension of said term, sell, lease, rent or permit the use of any part of its property within two thousand feet (2000') of the Demised Premises in any direction to a restaurant serving menu items substantially similar to the items on Tenant's menu (the "Exclusive Covenant"). However this covenant shall not apply to the existing leases which include a Seafood Restaurant at 7206, a

3

        Greek/Italian Restaurant at 7212, a Chinese Restaurant at 7224 or a German Restaurant at 7236.

15. MRO Mid-Atlantic Corp. thereafter assigned its rights to McDonald's Corporation, on or about November 26, 1996. Red Mill consented to this assignment. A true and correct copy of the Estoppel Certificate evidencing the assignment to McDonald's Corporation is attached hereto as Exhibit C. On or about January 1, 2005, McDonald's Corporation assigned its rights under the McDonald's Lease to Plaintiff McDonald's USA, LLC.

16. The Lease, as assumed by McDonald's, included several options to extend the term of the Lease, which options McDonald's has exercised so that the Lease is currently in effect until March 31, 2016. McDonald's has four remaining options to extend the Lease term for additional periods of five years. If McDonald's exercises all of its options, the Lease term would be extended until 2036.

17. Under the terms of the restrictive covenant, as worded in the 1989 Amendment, McDonald's has the right under the Lease to be free from competition within a 2,000 foot perimeter from any "restaurant serving menu items substantially similar to the items on Tenant's menu." (See Exhibit B.)

18. Red Mill has informed McDonald's that it has entered into a lease with an entity to operate a Dunkin Donuts within 2,000 feet of the McDonald's restaurant located at The Shopping Center.

19. Dunkin Donuts serves numerous menu items that are substantially similar if not identical to those offered by McDonald's. The following table illustrates this point.

4

| Comparison of Menu Items ||
|---|---|
| **McDonald's** | **Dunkin Donuts** |
| Fruit and Maple Oatmeal | Brown Sugar Flavored Oatmeal with Dried Fruit Topping |
| Fruit and Maple Oatmeal without Brown Sugar | Original Oatmeal with Dried Fruit Topping |
| Hash Browns | Hash Browns |
| Bacon, Egg, and Cheese Biscuit | Bacon, Egg, and Cheese on Biscuit |
| Bacon, Egg, and Cheese Bagel | Bacon, Egg, and Cheese on Plain Bagel |
| Southern Style Chicken Biscuit | Chicken Biscuit |
| Egg McMuffin | Egg and Cheese on English Muffin |
| Sausage McMuffin | Sausage, Egg, and Cheese on English Muffin |
| Sausage, Egg, and Cheese Biscuit | Sausage, Egg, and Cheese on Biscuit |
| Steak and Egg McMuffin | Angus Steak Big N' Toasted |
| Bacon Cheddar McChicken | Bacon Ranch Chicken Sandwich/Bacon Ancho Chicken Sandwich |
| Various Chicken Wraps | Various Chicken Wraps |
| Coffee Products, including: (1) Regular Coffee; (2) Espresso; (3) Iced Coffee; (4) Flavored Coffees; (5) Lattes | Coffee Products: (1) Regular Coffee; (2) Espresso; (3) Iced Coffee; (4) Flavored Coffees; (5) Lattes |
| Blended Beverages | Blended Beverages |
| Frappe Products | Coolata Products |
| Iced Tea | Iced Tea |
| Cookies | Cookies |

20.     Additionally, Baskin Robbins offers for sale menu items that are substantially similar to certain menu items offered by McDonald's. For example, both Baskin Robbins and McDonald's sell ice cream products, including but not limited to, ice cream cones, ice cream sundaes, blended ice cream products, milk shakes, smoothies, and blended coffee drinks.

21.     McDonald's is not in default in any respect under the Lease and is otherwise current with all obligations under the Lease.

22.     Accordingly, the Dunkin Donuts Lease violates the terms of the restrictive covenant in the McDonald's Lease, resulting in substantial injury to McDonald's in the form of reduced sales and revenues.

## COUNT I – Breach of Contract

23.     McDonald's realleges paragraphs 1 through 22 as if fully set forth herein.

24. Red Mill's actions entering into the Dunkin Donuts Lease constitute a breach of the restrictive covenant and, therefore a breach of the McDonald's Lease.

25. McDonald's has suffered and will continue to suffer financial injury in the form of lost sales and revenues.

26. McDonald's is, therefore, entitled to money damages from Red Mill.

## COUNT II – Permanent Injunctive Relief

27. McDonald's realleges paragraphs 1 through 26 as if fully set forth herein.

28. McDonald's will suffer continuing injury during the remaining term of its Lease as well as during the term of any options that McDonald's exercises as a matter of right under the Lease.

29. Monetary damages are inadequate to redress an ongoing, continuing harm such as McDonald's will incur in the event that Red Mill leases space for the operation of a Dunkin Donuts. Indeed, McDonald's will continue to accrue damages on a daily basis for as long as the Dunkin Donuts continues to operate at the Shopping Center in violation of the restrictive covenant in the McDonald's Lease.

30. McDonald's, therefore, seeks an order enjoining Red Mill from entering into a lease in violation of the restrictive covenant and requiring Red Mill to honor the restrictive covenant.

## COUNT III – Declaratory Judgment

31. McDonald's realleges paragraphs 1 through 30 as if fully set forth herein.

32. There exists a bona fide, actual, present and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of McDonald's with regard to the Dunkin Donuts Lease. Likewise, there exists a bona fide, actual, present and

practical need for a legal determination by this Court of the duties, rights and obligations, if any, of Red Mill with regard to the Dunkin Donuts Lease.

33. In the event the Dunkin Donuts Lease has not yet been executed or in the event that Lease is contingent upon a judicial finding that the Lease does not violate the restrictive covenant in McDonald's Lease, McDonald's seeks a declaration that the operation of a Dunkin Donuts at Red Mill Shopping Center would violate the terms of McDonald's Lease with Red Mill.

34. In the event the Dunkin Donuts Lease has not yet been executed or in the event that Lease is contingent upon a judicial finding that the Lease does not violate the restrictive covenant in McDonald's Lease, then an actual and justiciable controversy exists between McDonald's and Red Mill, warranting the entry of a declaratory judgment by this Court.

35. All necessary and present interests are before the Court by proper process.

      *      *      *

WHEREFORE, MCDONALD'S USA, LLC respectfully requests that this Court enter judgment as follows:

A. Declaring that the Dunkin Donuts Lease violates the restrictive covenant in the McDonald's Lease and constitutes a breach of contract;

B. Permanently enjoining Red Mill from proceeding with the lease for the operation of a Dunkin Donuts at Red Mill Shopping Center;

C. In the alternative, entering judgment for damages against Red Mill for monetary injury suffered as a result of the Dunkin Donuts Lease;

D. In the event the Dunkin Donuts Lease has not yet been executed or in the event that Lease is contingent upon a judicial finding that the Lease does not violate the restrictive

covenant in McDonald's Lease, for a declaration that the operation of a Dunkin Donuts would violate the McDonald's Lease;

    E.  All other relief this Court finds proper and just; and

    F.  Court costs.

## JURY DEMAND

McDonald's USA, LLC demands a trial by jury of all counts so triable.

        \*                \*                \*

DATED this 14th day of February 2014.

        Respectfully submitted,

        /s/ *William H. White Jr.*
        JOSEPH J. BOTTIGLIERI
        WILLIAM H. WHITE JR.
        **BONNER KIERNAN TREBACH & CROCIATA, LLP**
        1233 20th Street, NW
        8th Floor
        Washington, DC  20036
        Tel.: 202-712-7000
        Fax: 202-712-7100
        Email: jbottiglieri@bonnerkiernan.com
        Email: wwhite@bonnerkiernan.com
        *Counsel for Plaintiff*
        *McDonald's USA, LLC*